UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:07CV8-J

ONIS L. EVANS                                                                                            PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                              DEFENDANT

## MEMORANDUM OPINION

Before the Court is plaintiff Onis Evans' Complaint seeking judicial review of the unfavorable decision rendered by the defendant Commissioner denying his claim for disability insurance and supplemental security income benefits. After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be reversed and this matter remanded for calculation and award of benefits.

Plaintiff filed the present applications for disability insurance and supplemental security income benefits on November 12, 2004 alleging that he became disabled on October 6, 2004, at age 47 from rheumatoid arthritis and a ruptured disc (Tr. 128). His work history includes work as an oil field worker and carpenter. He has a high school education. Following a hearing on February 15, 2006 at which both plaintiff and a vocational expert offered testimony, Administrative Law Judge Randolph Schum ("ALJ") found that the claimant has severe impairments that prevent him from returning to any of his previous work, but that he remains capable of performing a significant range of light work. Plaintiff has appealed from this unfavorable decision.

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); Elam ex. Rel. Golay, v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff argues that the ALJ failed to accord the opinion of the treating physician the weight that it deserved. The Court agrees. It has long been established that the special position occupied by a treating physician calls for his or her opinion to be accorded great weight. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. §404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. An

ALJ can give less weight to the opinion if it is not supported by detailed clinical and diagnostic test evidence, Walters v. Commissioner, 127 F.2d 525 (6th Cir. 1997); Jones v. Secretary, 945 F.2d 1365, 1370 (6th Cir. 1991). "In all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for controlling weight, Rogers v. Commissioner, 486 F.3d 234, 242 (6th Cir. 2007).

Dr. Gerald Sims, Jr. is an arthritis specialist who has treated Mr. Evans since January of 2004. In June of 2005, he opined that his patient's severe rheumatoid arthritis with synovitis and fatigue would limit him to lifting/carrying less than 5 pounds (Tr. 266-7). His ability to stand or walk would be limited to less than one hour, 30 minutes without interruption. He could never perform postural activities such as climbing, stooping, kneeling or crawling, and his reaching, handling, pushing and pulling would be affected. Dr. Sims notes that "fatigue is a big factor," that aggressive therapy was ongoing, and that improvement to the point of returning to work was not likely (Tr. 267). Several of Dr. Sims' statements in the evaluation form and in his treatment records are noted by this Court to be opinions on issues reserved to the Commissioner,[1] but are not grounds for discounting all of his opinions.

Dr. Sims' records reveal the variable nature of the rheumatoid arthritis disease process, that patients have good and bad days. The medical records reveal that the claimant was treated with aggressive medications including "floods" of prednisone, Plaquenil and Methotrexate with only a partial response (Tr. 273). On November 10, 2004, Dr. Sims notes that despite taking Prednisone 10 mg and Hydroxychloroquine daily, an initial improvement has given way to worsening, and Mr.

---

[1] For example, Dr. Sims states on the physical evaluation form, "I unequivocally believe he is totally disabled from any meaningful work activity."

3

Evans is no longer able to work (Tr. 272). In the January 6, 2005 treatment record, Dr. Sims observed that the claimant had obvious difficulties in getting out of his chair, noted joint deformities and persistent swelling in the hands and feet, with feet symptoms making it difficult to ambulate (Tr. 271). The May 9, 2005 treatment notations indicate a worsening of the arthritic condition including synovial swellng in hands, elbow, right shoulder, and bilateral feet (Tr. 269), with Lortab 10 making the pain barely tolerable. At that time, two weeks of treatment with Enbrel had been ineffective in relieving his symptoms.

The ALJ rejected Dr. Sims' disabling opinions on grounds that they were not supported by objective medical evidence. This Court disagrees. In addition to the sampling of Dr. Sims' records above which revealed synovitis of numerous joints as well as joint deformities, there were x-rays which showed degenerative cervical spine changes with stenosis and foraminal encroachment (Tr. 228), lab tests that were positive for rheumatoid factor (Tr. 225) and revealed a sedimentation rate of 77 out of a range of 1-10 (Tr. 222). There were also x-rays which revealed lytic change in the left wrist and a subchondrial degenerative cyst (Tr. 279), as well as olecranon bursitis (Tr. 219).

The underlying basis for according greater weight to the opinion of a treating physician is the fact that one who has seen a patient over a period of time is in a better position to evaluate complaints, related incidents to previous events, and note the waxing and waning of the disease process. This type of insight justifies greater reliance on the opinion of a treating physician, and it is the type of insight that an expert reviewing written records or examining a patient on a single occasion simply cannot have.

Dr. Sims' treatment records include his clinical observations over the course of several years, and show a pattern of improvement and exacerbation. His records include some objective test

4

results, but such objective tests are of little value in determining functional limitations experienced by a patient at any given time. His opportunity to observe the patient over a period of time, to see him on good days and on bad days, and to observe a gradual worsening of his overall condition is of enormous value. The "reasons" cited by the ALJ do not justify rejecting his opinion. When Dr. Sims' opinion is accorded the weight to which a treating physician's opinion is entitled, it cannot be said that the record as a whole includes substantial evidence to support the Commissioner.

This is not a case in which the record has been inadequately developed. Rather, the record has been well-developed, and when the legal error inherent in rejecting the treating physician's opinion is removed, it is clear that Mr. Evans is disabled. If the record is fully developed, all essential factual issues have been resolved, and the record adequately establishes entitlement to benefits, remand for further proceedings serves no legitimate purpose, Abbott v. Sullivan, 905 F.2d 918 (6th Cir. 1990). We believe this is one of those rare cases in which "proof of disability is strong and evidence to the contrary is lacking." Faucher v. Secretary, 17 F.3d 171, 176 (6th Cir. 1994).

An Order in conformity has this day entered.